UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY | § § § | |
| v. | § § | CIVIL ACTION NO. 5:20-cv-01364 |
| TONY G'S SOUL FOOD LLC | § § | |

## PETITION FOR APPOINTMENT OF UMPIRE

Petitioner, Central Mutual Insurance Company ("Central"), files this Petition for the Appointment of an Umpire, and in support of same, would show the following:

1.

Central is a citizen of the State of Ohio, being an insurance company incorporated in the State of Ohio, and having its principal place of business in the State of Ohio.

2.

Respondent, Tony G's Soul Food LLC ("Tony G") is a citizen of the State of Texas, being a limited liability company formed under the laws of the State of Texas, whose only member is a citizen of the State of Texas. On information and belief, Tony G only has one member, Tony Gradney, who is a citizen of the State of Texas, being domiciled in San Antonio, Texas. Tony G may be served through its registered agent for service of process, United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.

3.

Jurisdiction of this action is based upon Title 28, United States Code § 1332(a), there being diversity of citizenship between the parties and the amount in controversy exceeds $75,000; exclusive of interest and costs.

**PETITION FOR APPOINTMENT OF UMPIRE - PAGE 1**

4.

Venue is properly placed under Title 28, United States Code § 1391.

5.

This action arises from a claim for wind and/or hail damage made to Central by Tony G allegedly occurring on or about May 27, 2020 to Tony G's property located at 915 S. Hackberry, San Antonio, Texas 78210.

6.

At the time of the alleged hail and/or wind damage claimed by Tony G, the property at 915 S. Hackberry, San Antonio, Texas was insured under Central Policy Number CLP 9769367 14, with effective dates of April 4, 2020 to April 4, 2021.

7.

Central would show that disagreement over the amount of loss concerning Tony G's claim exists. The insurance contract contains a provision called appraisal for resolving such disputes. This provision provides as follows:

> **APPRAISAL**
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss. Each party will:
>
> **a.** Pay its chosen appraiser; and
>
> **b.** Bear the other expenses of the appraisal and umpire equally.

**PETITION FOR APPOINTMENT OF UMPIRE - PAGE 2**

If there is an appraisal:

    **a.**    You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Commercial Property Condition; and

    **b.**    We will still maintain our right to deny the claim.

8.

Central would show that it demanded appraisal, naming Chris White as its appraiser. Tony G named David Hayes as its appraiser. At this point, the appraisal has not been completed, and is just now commencing.

9.

According to the terms of the insurance contract, specifically, the appraisal provision, if the two appraisers, Mr. White and Mr. Hayes fail for fifteen days to agree on the selection of an umpire, one may be appointed by the Court. The appraisers for the parties have failed for more than fifteen days to agree on an umpire, requiring that an umpire be appointed by the Court.

10.

Pursuant to the terms of the insurance contract, Central hereby makes application to the Court for the Court to select a competent and impartial umpire, in order that the appraisal process under the insurance contract can move forward to a conclusion.

11.

There exists an actual controversy between Petitioner and Respondent within the jurisdiction of this Court involving the rights and liabilities under the insurance policy described above. This controversy may be determined by judgment of this Court appointing an umpire, without other suit.

**PETITION FOR APPOINTMENT OF UMPIRE - PAGE 3**

WHEREFORE, Petitioner, Central Mutual Insurance Company, prays:

A. That the Court appoint a competent and impartial umpire in connection with the appraisal demanded by Central under Central Policy No. CLP 9769367 14;

B. For all taxable costs of court; and

C. For such other and further relief to which Central may be entitled, at law or at equity.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR PETITIONER